IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSEPH BULLOCK,           )
                          )
        Plaintiff,        )
                          )
    v.                    )   No.  08 C 5156
                          )
ASSET ACCEPTANCE, LLC,    )
                          )
        Defendant.        )

MEMORANDUM ORDER

Late last week Joseph Bullock ("Bullock") brought this Fair Debt Collection Practices Act action against Asset Acceptance, LLC ("Asset Acceptance"). This memorandum order is issued sua sponte to address some problematic aspects of Bullock's lawsuit.

To begin with, just what is this case doing in the District Court for the Northern District of Illinois? Bullock is an <u>Alabama</u> resident represented by lawyers officing in Los Angeles, <u>California</u>, while the Asset Acceptance collection letter about which Bullock complains emanated from Warren, <u>Michigan</u>. And as the ensuing discussion reflects, not only common sense but the relevant statutes appear to make the choice of forum by Bullock and his counsel more than merely dubious.

Complaint ¶6 purports to peg venue here under 28 U.S.C. §1391(b)(1),[1] but Asset Acceptance is a limited liability company and not a corporation. Hence the provision of Section 1391(c)

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

that treats any judicial district in which a corporation is subject to personal jurisdiction as a place of residence of that corporation does not apply to Asset Acceptance, and thus the allegation of Complaint ¶5 that Asset Acceptance "maintains a business office and conducts business in the state of Illinois" does not make it an Illinois "resident" (the fact that is necessary to bring Section 1391(b)(1) into play).

There is more. Even if the venue statute were somehow nonetheless satisfied and even if it were to be assumed (as the Complaint alleges) personal jurisdiction over Asset Acceptance were sustainable under the Illinois long-arm statute, it seems most likely that the almost inevitable Section 1404(a) motion by Asset Acceptance would promptly cause the case to be shipped elsewhere.

And again there is even more. Bullock's counsel have framed the bulk of the Complaint on the charged impropriety of Asset Acceptance's debt collection activity (a letter offering a 70% discount for an early payment of the claimed $48,073.29 indebtedness)--as being "unlawful[ ] and abusive[ ]" (Complaint ¶2) because collection of the indebtedness is barred by limitations. Two comments are in order in that respect:

    1. With that large a claim, and with the Asset Acceptance discount offer referring to Bullock's "CONSECO account," it seems almost certain that the claim stems from

2

a written contract.  If so, it is entirely possible that the claim is not in fact barred by limitations (for example, Illinois has a ten-year statute of limitations for breach of a written contract[2]).

   2.  Even if the asserted debt is in fact potentially outside of the applicable statute of limitations, that does not <u>bar</u> a creditor's claim.  Fed. R. Civ. P. 8(c)(1) designates the statute of limitations as an affirmative defense, so that if it were not to be raised by a defendant (something that has certainly been known to happen), that defense would be forfeited and the debt could be collected.

Because the Complaint does not provide sufficient input for a determination of the limitations issue, this memorandum returns to the question posed at the outset.  This action is set for an initial status hearing at 9:15 a.m. on September 26, 2008, at which time Bullock's counsel will be expected to explain why it should not be dismissed (or perhaps transferred) for improper venue.

_____
Milton I. Shadur
Senior United States District Judge

Date:  September 15, 2008

---

[2]  Not enough information is provided by the Complaint as to the choice-of-law question.